**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**LARRY D. MUELLER,**

Plaintiff,

v.

**MINNESOTA VALLEY COUNTRY CLUB, INC.,**

Defendant.

Civil No. 02-259 (JEL/JGL)

**ORDER**

---

APPEARANCES

Mary M. O'Brien, Esq., for Plaintiff

John M. Degnan, Esq., and Laura J. McKnight, Esq., for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on October 10, 2002 on Plaintiff's Motion to Compel Discovery (Doc. No. 10). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

Plaintiff was employed by Defendant as the golf course superintendent for almost forty years. In 2000, Defendant fired him, and Plaintiff sued on the basis of age discrimination. The parties are nearing the end of the discovery period, and this case is currently before the Court on Plaintiff's motion to compel discovery.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The Court first notes that Plaintiff has not complied with D. Minn. LR 37.2, which requires a party moving to compel discovery to state in its memorandum of law "the particular interrogatories, document requests, or requests for admission which are the subject of the motion, the response thereto, and a concise recitation of why the response or objection is improper." The only specific interrogatories or document requests even mentioned in passing in Plaintiff's memorandum are Interrogatories No. 6, 7, and 8. The Court will limit its discussion of discovery requests to these three interrogatories.

The interrogatories request certain information about Defendant's employees, specifically dates of employment, dates of birth, information about compensation and bonuses, and reasons for termination if they are no longer employed. Defendant has agreed to provide such information for management level employees once a protective order is signed. Defendant's answer is acceptable. The Court agrees that employment information about employees such as seasonal golf course workers and caddies is not relevant for statistical purposes. See MacDissi v. Valmont Indus., Inc., 856 F.2d 1054, 1057-58 & n.2 (8th Cir. 1998) (accepting a nine-employee department for statistical purposes, but questioning why management-level employees were included); Lyoch v. Anheuser-Busch Co., Inc., 164 F.R.D. 62, 66-67 (E.D. Mo. 1995) (finding only information about "similarly situated" employees relevant for

statistical purposes). Given that the parties agreed at the hearing to enter into a stipulated protective order within one week, the Court accepts Defendant's representation that the relevant information will be provided soon thereafter.

Plaintiff next seeks to compel depositions. However, Plaintiff did not specify the individuals whom it wishes to depose, and the Court therefore declines to compel the attendance of any specific person. As the Court ordered at the hearing, Plaintiff immediately must inform Defendant of the people he intends to depose. In addition, both parties are ordered to use their best efforts to produce the people noticed for depositions at the scheduled date and time, but no later than within three weeks of receiving the notice if the scheduled date and time cannot be met.

In August 2002, Plaintiff subpoenaed Defendant's employee, Rob Hary, for deposition and also subpoenaed certain records in the possession of Mr. Hary. Given that Mr. Hary was an employee of Defendant and Plaintiff was seeking business-related information from Mr. Hary, Defendant reviewed the documents before providing relevant, non-privileged documents to Plaintiff. Plaintiff does not explain why this response was improper or how the production was inadequate, and this aspect of his motion is therefore denied.

Plaintiff mentions various other discovery issues in his memorandum, but the Court is unable to discern precisely what Plaintiff is

requesting due to his failure to comply with D. Minn. LR 37.2 and due to other deficiencies. For example, Plaintiff alleges that Defendant did not allow him to inspect the condition of a golf course in April 2002, but Plaintiff acknowledges he was permitted access in June 2002, and Plaintiff does not request further relief. Plaintiff's motion is denied in all other respects.

Both parties' requests for attorneys' fees and costs are denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (Doc. No. 10) is **DENIED**.

Dated: October 11, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge